**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Terrance Leon PARGO, Defendant–
Appellant.**

**No. 13–2068.**

United States Court of Appeals,
Eighth Circuit.

Submitted: Oct. 29, 2013.

Filed: Nov. 6, 2013.

Andrew H. Kahl, Assistant U.S. Attorney, U.S. Attorney's Office, Des Moines, IA, for Plaintiff–Appellee.

John P. Messina, Federal Public Defender, Federal Public Defender's Office, Des Moines, IA, for Defendant–Appellant.

Terrance Leon Pargo, Oxford, WI, pro se.

Before LOKEN, BYE, and BENTON, Circuit Judges.

**PER CURIAM.**

Terrance Pargo pleaded guilty to one count of failing to register as a sex offender in violation of 18 U.S.C. § 2250. The district court[1] imposed a sentence of 21 months in prison and 5 years of supervised release. On appeal, counsel has moved to withdraw and has filed a brief under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), arguing that the district court erred in imposing, as a special condition of supervised release, the requirement that Pargo undergo sex-offender treatment. The brief also states that Pargo believes he was incorrectly classified as a Tier II sex offender for purposes of calculating his advisory Guidelines sentence.

We conclude that the district court did not abuse its discretion in imposing the supervised-release condition. *See* 18 U.S.C. § 3583(d)(1)–(3); *United States v. Schaefer,* 675 F.3d 1122, 1124–25 (8th Cir. 2012) (standard of review). Specifically, Pargo's sex offense, although 14 years earlier, was against a minor, and his subsequent repeated convictions for failure to register, and his absconding, reflected impulsive behavior, poor decisionmaking, and a reluctance to comply with registration requirements. *See United States v. Walters,* 643 F.3d 1077, 1079 (8th Cir.2011) (requirements for district court to impose special condition of supervised release); *United States v. Smith,* 655 F.3d 839, 845–46 (8th Cir.2011) (requiring sex-offender treatment as supervised-release condition for new failure-to-register offense was supported by record, which reflected history of avoiding sex-offender registration and committing sex offense against minor), *rev'd on other grounds,* —— U.S. ——, 132 S.Ct. 2712, 183 L.Ed.2d 66 (2012) (Mem.); *United States v. Smart,* 472 F.3d 556, 559 (8th Cir.2006) (upholding supervised-release condition requiring defendant to undergo sex-offender treatment following conviction for being felon in possession of firearm, where defendant had earlier state

---

1. The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

convictions for sex offenses). We also conclude that Pargo's classification as a Tier II sex offender was not plain error. *See* 42 U.S.C. § 16911(3) (defining Tier II sex offender); Minn.Stat. § 609.345(1)(b) (1998) (defining criminal sexual conduct in the fourth degree); *United States v. Molnar*, 590 F.3d 912, 914 (8th Cir.2010) (standard of review).

Finally, having reviewed the record under *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.